IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

|  |  |  |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 05-2718 D/P |
| vs. | ) ) | |
| SCI TENNESSEE FUNERAL SERVICES, INC. d/b/a MEMPHIS FUNERAL HOME and FAMILY FUNERAL CARE, | ) ) ) ) ) | |
| Defendant. | ) | |

_____

**ORDER DENYING PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER**
_____

Before the court is Plaintiff Equal Employment Opportunity Commission's ("the Commission") Motion for a Protective Order Concerning Tax Returns, filed April 14, 2006 (dkt #12). Defendant SCI Tennessee Funeral Services, Inc. d/b/a Memphis Funeral Home and Family Funeral Care ("SCI") filed a response in opposition on April 28, 2006.[1]  For the following reasons, plaintiff's motion is DENIED.

**I. BACKGROUND**

On September 29, 2005, the Commission filed a complaint

---

[1] On June 28, 2006, the Commission filed an amended complaint dismissing defendant Service Corporation International from the case.

against defendants, alleging violations of Title VII of the Civil Rights Act of 1963, 42 U.S.C. §§ 2000e et seq., and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).  The Commission claims that former employees Patricia Levine and Patricia Teuton were sexually harassed during their employment with SCI, and that Levine, Teuton, Leon Ortkiese and Richard Mumm were terminated in retaliation for opposing SCI's alleged unlawful practices.  In its prayer for relief, the Commission seeks, among other things, compensation for past and future pecuniary losses for the former employees, compensation for emotional and physical pain and suffering, and punitive damages for SCI's malicious conduct. (Amd. Compl. at 3-5.)

The former employees were scheduled to be deposed consecutively from April 17 through April 20.  SCI served subpoenas duces tecum on the four former employees, requesting that each employee bring their federal income tax returns filed in the past four years with them to their depositions.  On April 14, the Commission filed the present motion, requesting an order that permits the former employees to supply their W-2 forms instead of their tax returns.  At their depositions, Mumm, Orkiese, and Teuton each refused to produce their tax returns to SCI.  SCI filed a response in opposition to the Commission's motion on April 28, and continues to seek discovery of the tax returns for Mumm, Ortkiese,

-2-

and Teuton.[2]

## II. ANALYSIS

### A. Standing

As the first basis for its opposition to the Commission's motion, SCI argues that the Commission lacks standing to challenge the subpoenas duces tecum. SCI contends that only Mumm, Ortkiese, and Teuton may file a motion challenging the subpoenas. The court disagrees. In EEOC v. Kim and Ted, Inc., the court considered the issue of whether the Commission has standing to object to subpoenas served on non-party witnesses. Kim and Ted, Inc., No. 95-1151, 1995 WL 591451, at *2 (N.D. Ill. Oct. 3, 1995) (unpublished). The court held that it did: "Given the EEOC's legislative authority, the purpose behind Rule 45 and the EEOC's claim that defendants' misused their subpoena power, the EEOC may move to quash subpoenas affecting defendants' former employees who are not class members." Id. at *2. This court likewise concludes that the Commission has standing to challenge SCI's subpoenas on behalf of the former employees.

### B. Discovery of Income Tax Returns

SCI next argues that the tax returns are relevant to the Commission's claims for damages and therefore should be discoverable. The scope of discovery is extremely broad under the

---

[2]Because Patricia Levine has already produced her income tax return to SCI, the court considers the Commission's motion with respect to Levine moot.

-3-

Federal Rules of Civil Procedure and is within the discretion of the trial court. Lewis v. ACB Business Servs. Inc., 135 F.3d 389, 402 (6th Cir. 1998); Smith & Nephew, Inc. v. Fed. Ins. Co., No. 02-2455, 2005 U.S. Dist. LEXIS 31309, at *4-5 (W.D. Tenn. Nov. 14, 2005) (unpublished).  Federal Rule of Civil Procedure 26(b)(1) allows for the discovery of "any matter, not privileged, that is relevant to the claim or defense of any party."  Fed. R. Civ. P. 26(b)(1).  The rule provides further that the scope of discovery includes more than evidence that will be admissible at trial. Material is discoverable if it is "reasonably calculated to lead to the discovery of admissible evidence."  Id.; see also United Oil Co. v. Parts Associates, Inc., 227 F.R.D. 404, 410 (D. Md. 2005) ("[R]elevance for discovery purposes is viewed more liberally than relevance for evidentiary purposes.").  If the discovery request seeks relevant information, the party resisting discovery bears the burden of demonstrating why the request is irrelevant, unduly burdensome, or otherwise not discoverable under the Federal Rules. United Oil, 227 F.R.D. at 411; MJS Janitorial v. Kimco Corp., No. 03-2102MaV, 2004 WL 2905409, at *6 (W.D. Tenn. Apr. 19, 2004) (unpublished).  The court need not compel discovery of relevant material if it concludes that the request is "unreasonably cumulative or duplicative . . . [or] the burden or expense of the proposed discovery outweighs its likely benefit. . . ."  Fed. R. Civ. P. 26(b)(2)(i), (iii).

Here, neither party disputes that information concerning the income that Mumm, Ortkiese, and Teuton received is relevant to this case.  Information about their income during and following their employment with SCI is relevant to issues of damages and mitigation.  The Commission argues, however, that the information that SCI seeks can be found from other sources, such as W-2 and 1099 forms.  The Commission urges this court to apply a "qualified privilege" for the production of the tax returns, citing <u>Terwilliger v. York Intern. Corp.</u>, 176 F.R.D. 214 (W.D. Va. 1997).  In <u>Terwilliger</u>, the court described the qualified privilege for tax returns as follows:

> Courts have made it increasingly clear that tax returns in the hands of a taxpayer are not privileged from civil discovery.  Nevertheless, judicial consensus exists that, as a matter of policy, great caution should be exercised in ordering the disclosure of tax returns.  Unnecessary disclosure of tax returns is to be avoided.
>
> Examination of case law reveals the emergence of a judicially developed qualified privilege that disfavors the disclosure of income tax returns as a matter of general federal policy.  A two-prong test has been utilized to assess whether the qualified privilege should be overcome and a party's income tax returns should be disclosed.  The court must determine whether (1) the tax return is relevant to the subject matter in dispute; and (2) a compelling need exists for the return, because the information sought is not obtainable from other sources.  While the party seeking discovery of the tax returns bears the burden of establishing its relevance, the resisting party has the task to identify an alternative source for the information.
>
> In contrast, a minority of courts have held that the sole inquiry governing discovery of tax returns is whether the information contained in the return is relevant.  This court, however, favors the two prong

>    approach. . . . We believe that test artfully balances
>    the privacy interest inherent in tax returns with the
>    policy favoring broad civil discovery. Proper
>    consideration is also afforded to the relevancy and
>    materiality of the information.

Terwilliger, 176 F.R.D. at 216 (internal citations and quotations omitted); see also Ruth v. Superior Consultant Holdings Corp., No. 99-71190, 2000 U.S. Dist. LEXIS 17250, at * 5-6 (E.D. Mich. Oct. 16, 2000) (unpublished) (quoting same).

Although this two-pronged test has been applied by courts in various circuits, see, e.g., Aliotti v. Senora, 217 F.R.D. 496, 497 (N.D. Cal. 2003); Gattegno v. Pricewaterhousecoopers, LLP, 205 F.R.D. 70, 72 (D. Conn. 2001); Land Ocean Logistics, Inc. v. Aqua Gulf Corp., 181 F.R.D. 229, 238 (W.D.N.Y. 1998); Terwilliger, 176 F.R.D. at 216; but see Shearson Lehman Hutton, Inc. v. Lambros, 135 F.R.D. 195, 198 (M.D. Fla. 1990) (rejecting use of "quasi-privilege" for tax returns and instead granting motion to compel based on tax returns' relevance), neither the Sixth Circuit nor any court in this district has expressly recognized a qualified privilege for tax returns or adopted the two-step analysis. To the contrary, this court in Medtronic Sofamor Danek, Inc. v. Michelson, No. 01-2373 (W.D. Tenn. Oct. 25, 2002) (order granting in part and denying in part plaintiff's renewed motion to compel), concluded that tax returns are not privileged under either Tennessee law or federal common law:

>    Federal common law is consistent with Tennessee's law.
>    The Sixth Circuit made clear in DeMarco v. C & L Masonry,

>    Inc., 891 F.2d 1236 (6th Cir. 1989) that tax returns and
>    other financial information enjoy no special privilege
>    from disclosure.  In DeMarco, union trustees sought to
>    audit the corporate tax returns, business ledgers, and
>    cash disbursement journals of employment contractors.
>    The contractors protested, asserting that the information
>    was confidential.  The Sixth Circuit Court of Appeals
>    held that such records were not "'confidential' in the
>    legal sense" and were not protected from disclosure.
>    DeMarco, 891 F.2d at 1240 (citing with approval Credit
>    Life Ins. Co. v. Uniworld Ins. Co., 94 F.R.D. 113 (S.D.
>    Ohio 1982)).

Medtronic Sofamor Danek, No. 01-2373, at 9-10.  Thus, the appropriate analysis is whether the tax returns are relevant to the claim or defense of any party.  Fed. R. Civ. P. 26(b)(1).  Here, the court finds, and the Commission does not dispute, that Mumm, Ortkiese, and Teuton's income tax returns are relevant to issues of damages and mitigation.  Moreover, because the court further finds that there is no other basis under Rule 26 to preclude discovery in this case, the Commission's motion is DENIED.

**C.    Spouse's Information Contained in Joint Income Tax Return**

Finally, the Commission argues that discovery of Mumm, Ortkiese, and Teuton's income tax returns should be prohibited because each filed joint income tax returns with their spouses for the years 2001 to the present.  In response, SCI states that it does not oppose redaction of financial information that relate solely to their spouses.  Def.'s Mem. at 10.  The court concludes that this redaction will adequately protect the spouses' privacy interests.

### III. CONCLUSION

For the reasons above, plaintiff's Motion for a Protective Order Concerning Tax Returns is DENIED. Patricia Teuton, Leon Ortkiese, and Richard Mumm shall produce copies of their income tax returns filed for the years 2001 to the present, within eleven (11) days from the date of this Order. Prior to the production, these former employees with the assistance of the Commission may redact any information on the tax returns that relate to financial information solely for their spouses.

IT IS SO ORDERED.

S/ Tu M. Pham
_____
TU M. PHAM
United States Magistrate Judge


June 30, 2006
_____
Date