IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Alleged Discriminatees,

vs.                                              Civil Action No. 05-2718-DP

SCI TENNESSEE FUNERAL SERVICES, INC.,
d/b/a MEMPHIS FUNERAL HOME and
FAMILY FUNERAL CARE,

    Defendants.

---

AFFIDAVIT OF E.C. DAVES
IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

---

**STATE OF TENNESSEE**
**COUNTY OF SHELBY**

E.C. Daves, having been first duly sworn, hereby states as follows:

1.    At present and all times pertinent to this lawsuit, I am and was employed by SCI Tennessee Funeral Services, Inc. (sometimes hereinafter referred to as "SCI Tennessee").

2.    My job title is Market Manager. I am responsible for all SCI Tennessee operations in West Tennessee and Olive Branch, Mississippi, including Memphis Funeral Home ("MFH") and Family Funeral Care ("FFC") in Memphis.

3.    The operations of MFH and FFC are separated into two distinct functions – "at need" and "pre need." MFH and FFC assist families after the death of a loved one in providing

funeral services, embalming, cremation, burials, and other funeral-related services. Funeral directors are licensed by the state. We refer to this as "at need" services. We also assist individuals in pre-arranging their own funerals, which we call "pre need" services. The sales of pre-arranged funerals and caskets are done by Family Service Counselors, who are required to carry licenses to sell insurance, which typically fund pre-need products. These two distinct functions (at need and pre need) are managed by separate supervision, and employees assigned to these separate functions have different duties and different skill sets.

4. My supervisor is James Kriegshauser, Market Director. Paul McCarver and David Dixon reported directly to me. Stuart Evans, an independent consultant to SCI Tennessee, also reported to me.

5. Attached hereto as Exhibit 1 is a document showing the net sales of Patricia Levine, Patricia Teuton, Richard Mumm and Leon Ortkiese, among others, for calendar year 2004. This document has previously been provided to the EEOC under Bates Stamp Nos. 00490 through 00498.

6. There were certain requests in Defendants' Request for Admissions which were propounded to the EEOC, concerning the sales figures attached hereto as Exhibit 1. The EEOC admitted the truth of the sales figures in those Requests for Admissions as set forth in the attached Exhibit, except for the following typographical errors in the Requests, which I am hereby correcting:

    (a) Mr. Ortkiese's net sales production for January 2004, was $42,843.

    (b) Mr. Mumm's total net sales production for June 2004 was $24,614.

(c) Mr. Mumm's total net sales production for August 2004 was $440.00.

(d) Mr. Mumm's total net sales production for September 2004 was $11,654.

7. In March of 2004, a new compensation plan was rolled out and, on or about March 1, 2004, was implemented by a level of supervision above Mr. Kriegshauser ("senior corporate management"). It was called the Draw PLUS Compensation Plan (the "Plan"). The Plan provided for three (3) levels of compensation and bonus requirements for Family Service Counselors: "Bronze," "Silver," and "Gold." Originally, I believed that the Memphis Funeral Home and Family Funeral Care facilities were considered "Bronze" locations, meaning that the Family Service Counselors had a minimum gate of $20,000. In July, the Plan was revised by senior corporate management. At this time, senior corporate management clarified that Memphis Funeral Home and Family Funeral Care locations had sufficient expected sales revenue to qualify as a "Silver" location, meaning that the Family Service Counselors would have minimum monthly gates of $35,000. It was not Mr. Kriegshauser's decision nor my decision, nor the decision of any one else at MFH or FFC to change or set these minimum gates. Nor were these minimum gates established only for Memphis Funeral Home and Family Funeral Care. The Plan was applicable to all facilities under the supervision of Mr. Kriegshauser.

8. It was my decision, with the advice and concurrence of Mr. Kriegshauser, to terminate the employment of any Family Service Counselors who failed to meet the minimum gates for at least three (3) months of any rolling six (6) month period in accordance with the Plan. Thus, Patricia Levine, Patricia Teuton, Leon Ortkiese, and Richard Mumm were terminated pursuant to my directions for failure to meet their minimum gates under the Plan.

3

9. Paul McCarver had no input in these discharge decisions, nor did he make any recommendations about the terminations, nor was any recommendation sought from him by me.

10. Paul McCarver was not the supervisor for the Family Service Counselors at MFH or FFC. He did not have the authority to hire, fire, promote, or re-assign duties in regard to Family Service Counselors.

11. SCI Tennessee has not received any further complaints about Paul McCarver regarding sexual harassment since the June 15, 2004 issuance of McCarver's Behavioral Warning.

_____
E.C. Daves

SWORN TO AND SUBSCRIBED before me this ___10___ day of November, 2006.

_____
Notary Public

My Commission Expires:

**MY COMMISSION EXPIRES SEPT. 15, 2010**

_____

[Notary Seal: LAURIE A. DAVIDSON, STATE OF TENNESSEE NOTARY PUBLIC, SHELBY COUNTY, MY COMM. EXP. 9-15-2010]

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 15th day of November, 2006, a copy of the foregoing Affidavit of E. C. Daves in Support of Defendant's Motion for Summary Judgment was served on the parties listed below by first class mail, postage prepaid, unless said party is a registered CM/ECF participant who has consented to electronic notice, and the Notice of Electronic Filing indicates that Notice was electronically mailed to said party:

    Carson Owen, Esquire
    Equal Employment Opportunity Commission
    Suite 621, Mid-City Tower Building
    1407 Union Avenue
    Memphis, Tennessee  38104

                                        s/ Angie C. Davis