IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| vs. | ) ) | 05-2718 D/P |
| SCI TENNESSEE FUNERAL SERVICES, INC. d/b/a MEMPHIS FUNERAL HOME and FAMILY FUNERAL CARE, | ) ) ) ) | |
| Defendant. | ) | |

---

**PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S
REPLY TO DEFENDANT'S REPLY BRIEF
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

---

Plaintiff Equal Employment Opportunity Commission (hereinafter "the Commission"), submits this Reply in opposition to Defendant's Reply Brief in support of Defendant's Motion for Summary Judgment for the sole purpose of addressing several issues raised in Defendant's Reply Brief. The issues that will be addressed are that:

1.  Defendant erroneously argued that it was improper for the Commission to file its Statement of Additional Material Facts;

2.  Defendant erroneously argued that the alleged discriminatees' statements during Defendant's internal investigation should not be considered protected opposition under Title VII;

3.  Defendant erroneously argued that there is an insufficient causal connection between the opposition and the terminations;

4.   Defendant erroneously inferred that other employees engaged in similar oppositional conduct but were not terminated;

5.   Defendant erroneously inferred that the Commission did not compare Peggy Swindle's sales performance to the sales quotas established by Defendant; and

6.   Defendant erroneously inferred that there is no dispute concerning what Defendant's normal practices were when a sales counselor was reassigned.

This Reply reaffirms the Commissions position that there are genuine issues of material fact that preclude entry of summary judgment.

**1.    Federal Rule of Civil Procedure 56(e) Allows a Nonmovant to Submit Specific Facts Showing that There is a Genuine Issue for Trial**

Federal Rule of Civil Procedure 56(e) provides in relevant part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth the specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Once the party moving for summary judgment has satisfied its burden, "the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.' " *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) quoting Fed.R.Civ.P. 56(e).  This "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." *Celotex v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2584, 91 L.Ed.2d 265 (1986) (quoting *Fed. R . Civ. P. 56(e)*.

In *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989), the Sixth Circuit Court of Appeals explained the requirement as follows:

> A district court is not required to speculate on which portion of the record the nonmoving party relies, nor is it obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim. *Rule 56(e)* contemplates a limited marshalling of evidence by the nonmoving party sufficient to establish a genuine issue of material fact for trial. This marshalling of evidence, however, does not require the nonmoving party to "designate" facts by citing specific page numbers. Designate means simply "to point out the location of." *Webster's Third New International Dictionary* (1986).

In applying these legal precedents, *Fed. R. Civ.P. 56, Anderson v. Liberty Lobby, Celotex*, and Sixth Circuit law, the Commission designated 69 statement of material facts to support its opposition to Defendant's motion for summary judgment, facts which it asserts precludes entry of summary judgment. While not required, the 69 facts contained citations to deposition transcripts of Ms. Patricia Levine, Ms. Patricia Teuton, Mr. Lee Ortkiese, and Mr. Richard Mumm, the alleged discriminatees, in the manner provided for in *Rule 56(e)*. *See Plaintiff's Statement of Additional Facts Submitted in Opposition to Defendant's Motion for Summary Judgment.* Because the 69 statement of material facts were submitted in the manner required by *Rule 56(e)*, this Court, contrary to Defendant's assertion, should not decline to consider the "specific facts" as they provide further evidence that there is a genuine issue for trial. To accept Defendant's position would require that the Court only consider the facts submitted by Defendant.

In its reply brief, Defendant mentions that the Plaintiff admitted all but one of Defendant's Statement of Undisputed Facts. The Commission contends that the majority of Defendant's statements are not material to the issues in the lawsuit. In *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 247-48, the Supreme Court addressed what it meant by the statement

that in order to grant summary judgment, there be no genuine issue of material fact.  The Court stated:

> As to materiality, the substantive law will identify which facts are material.  Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted.

This case concerns alleged sexual harassment and retaliation claims.  A closer examination of Defendant's 112 Statement of Undisputed Facts reveals that the many of them are not facts "that might affect the outcome of the suit" as they do not relate to the issues of sexual harassment and retaliation.  For example, in Part I, titled "Introduction", Defendant lists more than a dozen facts which relate to identifying the parties, including Defendant's witnesses, the alleged discriminatees, and their claims alleged by the Commission.   Defendant is correct that the Commission did not dispute these facts.    In Part II of Defendant's Reply Brief titled "Work Histories of the alleged discriminatees", Defendant cites facts relating to the work history of Ms. Patricia Levine, Ms. Teuton, Mr. Ortkiese and Mr. Mumm.   Specifically, these facts identify the alleged discriminatees' hiring date, job titles, and acknowledgement of various policies in the workplace.   Likewise, these facts are not material as they are not facts "that might affect the outcome of the suit".   In sum, while Defendant submitted over 100 Statement of Undisputed Facts, many of these facts are simply not material to this Court deciding the issues in this lawsuit.   Instead, many of *Plaintiff's Statement of Additional Facts Submitted in Opposition to Defendant's Motion for Summary Judgment* are material because they "are facts that might affect the outcome of the suit under the governing law".   They relate to the issues of sexual harassment and retaliation.

**2.  The alleged discriminatees' statements during Defendant's internal investigation should not be considered protected opposition under Title VII.**

Defendant contends in its reply brief, at pages 3-5, that the alleged discriminatees' cooperation in Defendant's internal investigation did not constitute "opposition" within the meaning of Title VII.   In support of this contention, Defendant relies on *Crawford v. Metropolitan Government of Nashville*, 2006 WL 3307507.

Significantly, the first page of *Crawford v. Metropolitan Government of Nashville* states clearly, at 2006 WL 3307507:

> NOT RECOMMENDED FOR FULL--TEXT PUBLICATION
>
> Sixth Circuit Rule 28(g) limits citation to specific situations. Please see Rule 28(g) before citing in a proceeding in a court in the Sixth Circuit. If cited, a copy must be served on other parties and the Court.

Sixth Circuit Rule 28(g) states:

> **(g) Citation of Unpublished Decisions.** *Citation of unpublished decisions in briefs* and oral arguments in this Court and *in the district courts within this Circuit is disfavored, except for the purpose of establishing res judicata, estoppel, or the law of the case.* If a party believes, nevertheless, that an unpublished disposition has precedential value in relation to a material issue in a case, and that there is no published opinion that would serve as well, such decision may be cited if that party serves a copy thereof on all other parties in the case and on this Court. Such service shall be accomplished by including a copy of the decision in an addendum to the brief.

*U.S. Ct. of App. 6th Cir. Rule 28, 28 U.S.C.A. (Emphasis added.)*

Defendant did not offer the *Crawford* case in the limited way permitted by Sixth Circuit Rule 28(g), and therefore Plaintiff contends that this type of citation, which is clearly disfavored by the Sixth Circuit, should not be allowed in this case.   Plaintiff also contends that this unpublished decision by the Sixth Circuit is not only not controlling authority with respect to this case, but should not be considered to be persuasive authority by this Court because there are

reported opinions in the Sixth Circuit addressing what constitutes protected "opposition" under Title VII and they have not been overruled by any panel in the Sixth Circuit.  In *Booker v. Brown and Williamson Tobacco Co.,* 879 F.2d 1304, 1312 (6th Cir. 1989), the Sixth Circuit analyzed the type of conduct that was sufficient to invoke the "opposition" clause under Title VII.  The Court explained:

> [T]he purpose of the statute is to protect access to the machinery available to seek redress for civil rights violations and to protect the operation of that machinery once it has been engaged.  Accordingly, any activity by the employee prior to the instigation of statutory proceedings is to be considered pursuant to the opposition clause.

*Id.* at 1313.

Similarly, in *Johnson v. University of Cincinnati*, 215 F.3d 561, (6th Cir. 2000), the Sixth Circuit stated:

> [T]he only qualification that is placed upon an employee's invocation of protection from retaliation under Title VII's opposition clause is that the manner of his opposition must be reasonable. Of critical import here is the fact that there is no qualification on … to whom the complaint is made known….

*Id.* at 580.

The argument that choosing to tell the truth in response to an internal investigation is not active opposition, but is merely a passive response to workplace harassment, is a very unrealistic view of the workplace.  Again, it was the alleged discriminates complaints that had actually triggered the investigation.  To tell the truth about a powerful manager's harassment when asked during an internal investigation requires a great deal of courage.  The fear of retaliatory discharge in such a situation is very common and very real.  The choice to tell the truth in such a situation is courageous and active opposition by an understandably fearful employee, and such a choice should be protected by the courts as opposition which is protected by Title VII.

### 3. Defendant erroneously argues that there is an insufficient causal connection between the opposition and the terminations

At pages 6-10 of its reply brief, Defendant argues that Plaintiff cannot establish a causal connection between the protected activity and the adverse employment actions because the Commission cannot prove that Mr. E. C. Daves was aware of the oppositional conduct.  Mr. Daves was not, however, acting alone when he discharged the four alleged discriminatees.  H. W. Taylor was also involved, and Mr. Taylor stated clearly that Paul McCarver was also involved.  Less than two weeks after Ms. Coleman's investigation and the warnings received by Mr. McCarver, on June 28, 2004, Ms. Levine was told by Mr. Taylor, who was her manager, that a deadline of August 1, 2004 which she had been given to produce required sales, was being shortened to July 5, 2005.  She was given one week (which included a three day holiday weekend) to produce $20,000 in sales.  When Ms. Levine asked to be allowed the August 1st deadline that had been previously set in a memorandum from Mr. McCarver on May 18, 2004, and she emphasized her efforts to meet the goal by then, Mr. Taylor said, "It doesn't matter.  Paul McCarver wants you out of here."  See Plaintiff's Statement of Facts at paragraphs numbered 4, 19, 67, and 68.

That statement by Mr. Taylor is especially significant when it is considered in conjunction with the statement by Mr. McCarver that Ms. Teuton heard.  After Ms. Coleman's investigation, Ms. Teuton heard Mr. McCarver say very loudly something about who told on him, and then heard him say, "I'm going to get those fuckers!"  See Plaintiff's Statement of Facts at paragraphs numbered 67, 18, and 31.

Mr. McCarver's statement in Ms. Teuton's presence, when considered in conjunction with Mr. Taylor's statement to Ms. Levine a week before she was fired, is enough to allow a

reasonable jury to conclude that awareness of the oppositional conduct was involved in the termination decisions and was a determining factor in those decisions.

### 4. Defendant erroneously infers that other employees engaged in similar oppositional conduct but were not terminated

At pages 10-11 of its reply brief, Defendant argues that other employees who were interviewed by Cathy Coleman were not terminated although they were not complimentary of Mr. McCarver.  A review of what these employees told Ms. Coleman, however, shows clearly that they were not similarly situated to the alleged discriminatees with respect to what they said to Ms. Coleman about Mr. McCarver.

The other employees Ms. Coleman interviewed were also not similarly situated to Ms. Levine, who had complained to four different managers, David Dixon, H. W. Taylor, Jason Lee, and Lee Murphy, that Mr. McCarver had subjected her to numerous incidents of sexual harassment.  Similarly, Mr. Mumm had complained to his managers, H. W. Taylor and David Dixon, several times about Mr. McCarver subjecting Ms. Levine and Ms. Teuton to unwelcome sexual conduct.  Mr. Mumm had also written a letter to Mr. McCarver complaining about Mr. McCarver's unwelcome touching of employees, and Mr. Daves and Ms. Coleman saw that letter.

These significant differences show that Defendant's assertion that other employees engaged in similar oppositional conduct and were not terminated is simply not correct.

### 5. Defendant erroneously infers that the Commission did not compare Peggy Swindle's sales performance to the sales quotas established by Defendant

At pages 11-12 of its reply brief, Defendant argues that Peggy Swindle's sales performance (or to be more specific her *lack* of sales performance) is irrelevant because her sales were compared to the sales of the alleged discriminatees.  This is a misrepresentation of the Commission's argument concerning Ms. Swindle and her sales performance.

Defendant contends that each of the alleged discriminatees was terminated for failing to meet the sales requirement in three of the most recent six months preceding their terminations. Ms. Swindle failed to meet *her* sales requirement for *five* of the most recent six months as of July 1, 2004, yet she was *not* terminated by Defendant. The deposition testimony of E. C. Daves, from p. 84, line 13, through page 86, line 7, shows clearly that January and February sales *were* considered, despite Defendant's argument to the contrary. And even if we assume for purposes of argument that January and February sales were not considered, Ms. Swindle still failed to meet her sales goals in March, May, and June of 2004. That failure to meet her sales requirement in three of the six months prior to July 1, 2004 should have resulted in Ms. Swindle's termination, if Defendant's alleged nondiscriminatory explanation for the terminations of the alleged discriminatees was true. Defendant's failure to terminate Ms. Swindle when she was demonstrating a similar failure to meet her sales requirement provides a sufficient basis for a reasonable jury to conclude that Defendant's articulated reason was not the true reason for the adverse employment action but was instead a pretext for discrimination.

**5. Defendant erroneously infers that there is no dispute concerning what Defendant's normal practices were when a sales counselor was reassigned**

At pages 12-13 of its reply brief, Defendant refers to Mr. Daves' explanation of the reassignment process as if that testimony were undisputed. The Commission has shown, however, that this is not the case.

Mr. Mumm testified that there was normally a three month adjustment period when an employee changed locations, but he was not given that adjustment period when he was transferred to Family Funeral Care after complaining several times about Mr. McCarver's sexual conduct towards female employees. See Plaintiff's Statement of Facts at paragraphs numbered 46-48, 50, 52, and 54. Also, although Mr. Mumm was initially told that he could use the families

he had been working with at Memphis Funeral Home to develop sales, when his first month's sales results at Family Funeral Care showed that he had made his required sales goal using that procedure, he was immediately told he could no longer use those families as a source for sales. See Plaintiff's Statement of Facts at paragraphs numbered 54 and 57.

The comparison of how Mr. Mumm was treated, compared to the normal reassignment practice he described, could provide a reasonable jury with a factual basis to conclude that Defendant's articulated reason for Mr. Mumm's termination was not the true reason for his termination, but was instead a pretext for retaliatory discharge.

## <u>CONCLUSION</u>

The Commission respectfully requests that the Court deny Defendant's Motion for Summary Judgment because it has shown in its Response to Defendant's Summary Judgment and this Reply that there are genuine issues of material fact that preclude summary judgment.


(Concluded on next page.)

Respectfully submitted,

**RONALD S. COOPER**
General Counsel

**JAMES LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel


s/ Faye A. Williams (with permission CLO)
**FAYE A. WILLIAMS**
Regional Attorney
Tennessee Bar No. 011730


s/ Carson L. Owen
**CARSON L. OWEN**
Senior Trial Attorney
Tennessee Bar No. 009240

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
1407 Union Avenue, Suite 621
Memphis, Tennessee 38104
Telephone:     (901) 544-0133
Carson.Owen@eeoc.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 23, 2007 a copy of the foregoing document was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

> Maurice Wexler
> Stephen D. Goodwin
> Angie C. Davis
> Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
> First Tennessee Building
> 165 Madison Ave., Suite 2000
> Memphis, TN 38103

 s/ Carson L. Owen
Carson L. Owen