IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | |
| v. | ) | 05-2718 D/P |
| | ) | |
| SCI TENNESSEE FUNERAL SERVICES, INC. d/b/a MEMPHIS FUNERAL HOME and FAMILY FUNERAL CARE, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## CONSENT DECREE

This lawsuit was filed September 29, 2005, by the Equal Employment Opportunity Commission (hereinafter referred to as "the Commission") against SCI Tennessee Funeral Services, Inc. d/b/a Memphis Funeral Home and Family Funeral Care (hereinafter referred to as "SCI Tennessee") under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, *et seq.* (hereinafter referred to as "Title VII").  The Complaint in this lawsuit claims that SCI Tennessee subjected Patricia Levine and Patricia Teuton to harassment because of their sex, and terminated Patricia Levine, Richard Mumm, Leon Ortkiese, and Patricia Teuton in retaliation for opposing practices made unlawful by Title VII.  This Consent Decree and the obligations of SCI Tennessee under this Consent Decree are limited to the Memphis Funeral Home location on Poplar Ave. in Memphis, Tennessee, and the Family Funeral Care location on Summer Ave. in Memphis.  Most of the alleged unlawful discrimination occurred at Memphis Funeral Home (hereinafter referred to as "the facility").

The Commission and SCI Tennessee have agreed to this Consent Decree to settle all of the claims involved in this lawsuit.

The Court has reviewed the terms of this Decree in light of the applicable laws and regulations, and hereby approves this Decree. **THEREFORE**, it is hereby **ORDERED**:

### I. JURISDICTION

The United States District Court for the Western District of Tennessee, Western Division, has jurisdiction over the parties and subject matter of this lawsuit, and will retain jurisdiction over this Decree for purposes of enforcement and dispute resolution.

### II. DISCLAIMER

SCI Tennessee denies the allegations contained in the Complaint, as amended. Neither the negotiation of nor agreement to this Decree is an admission or acknowledgment by SCI Tennessee that any of its employees, officers, directors, or agents have violated Title VII.

### III. ALL CLAIMS RESOLVED

This Decree fully resolves all claims and allegations arising out of or related to EEOC Charge Nos. 250-2004-03893 (filed by Patricia Levine) and 250-2005-01359 (filed by Richard Mumm) and the Complaint, as amended, filed in this civil action.

### IV. DURATION OF DECREE

This Decree will be binding on the parties to this lawsuit for one year after the date of its entry by the Court. This Decree will expire by its own terms at the end of that period without the necessity of further judicial proceedings or orders of this Court.

## V. NON-DISCRIMINATION AND NON-RETALIATION PROVISION

SCI Tennessee agrees that it will not permit harassment of its employees in violation of Title VII, and that it will not retaliate against any person because of opposition to any practice made unlawful by Title VII.

## VI. INDIVIDUAL REMEDIES

SCI Tennessee will pay the alleged discriminatees a total of $150,000, which sum shall be allocated between back pay and compensatory damages as agreed by the parties.  The amounts of back pay and compensatory damages paid to each alleged discriminatee will be as instructed by the Commission.

SCI Tennessee will also provide to Patricia Levine the Cobra Continuation Offer which is attached to this Decree as Attachment A.  SCI Tennessee will mail the checks to each alleged discriminatee, in the amounts instructed by the Commission, and in the case of Ms. Levine will also mail the Cobra Continuation Offer to Ms. Levine, within ten days after receiving a copy of this Decree entered by the Court.  At the time each check is mailed, a copy of that check will be mailed at the same time to:

> Carson L. Owen, Senior Trial Attorney
> Equal Employment Opportunity Commission
> 1407 Union Ave., Suite 621
> Memphis, TN 38104.

## VII. EMPLOYMENT REFERENCES

SCI Tennessee's normal reference procedure is to require that requests for reference information be submitted in writing to the office of the Market Manager, or to a similar position that may be determined by SCI Tennessee in the future.  SCI Tennessee agrees that any time any employer or prospective employer requests information concerning Patricia Levine, Richard Mumm, Leon Ortkiese, or Patricia Teuton, that

3

reference procedure will be followed.   SCI Tennessee also agrees that the only information that will be provided in response to requests for reference information concerning Ms. Levine, Mr. Mumm, Mr. Ortkiese, or Ms. Teuton will be the information contained in Attachment B to this Decree.

## VIII. TRAINING

Within forty-five days after receiving a copy of this Decree entered by the Court, SCI Tennessee will provide training for each person who is employed at the facility concerning unlawful harassment, and will provide training for all supervisors and managers employed at the facility concerning their responsibilities when they see or hear unlawful harassment occurring and when complaints about unlawful harassment are received, as well as their responsibilities not to discriminate against employees for opposing unlawful employment practices.  Within thirty days after the completion of this training, SCI Tennessee will submit a report to Carson Owen, at the address indicated above, confirming that this training has occurred.

## IX. POLICY PROHIBITING HARASSMENT

SCI Tennessee agrees to comply with its policy prohibiting harassment which is attached as Attachment C to this Decree.  Within forty-five days after receiving a copy of this Decree entered by the Court, each person who is employed at the facility will be required to read and sign a copy of this policy, and will be given a copy of the policy. Within thirty days after meeting this requirement, SCI Tennessee will submit a report to Carson Owen at the address indicated above, confirming that this requirement has been

met.   Thereafter, whenever a new employee is hired at the facility, he or she will be required to read and sign a copy of this policy, and will be given a copy of the policy.

## X. REPORTING

SCI Tennessee will submit a report to Carson L. Owen, at the address indicated above, covering the six-month period after the entry of this Decree, and every six-month period thereafter during the duration of this Decree.   Each report will describe all complaints received from persons working at the facility concerning sexual harassment, including the name, home address, and home telephone number of each person who complained, the nature of the complaint, what action, if any, was taken in response to the complaint, and, if no action was taken, an explanation of why no action was taken.

SCI Tennessee will have up to 30 days after the end of each six month period to submit this report, and the Commission will have up to 30 days after receiving each report to raise any concerns about that report.

## XI. CLAIMS OF BREACH AND OPPORTUNITY TO CURE

The Commission shall not file a motion or other petition with the Court seeking the Court's assistance with respect to any alleged breach by SCI Tennessee of this Decree until the following procedure has been fully utilized.   At any time prior to the expiration of this Decree, if the Commission claims that SCI Tennessee has in any way breached its obligations under this Decree, the Commission will promptly serve notice of such claim on the following persons at the addresses set forth below their names:

> Mr. E. C. Daves
> Market Manager
> SCI Tennessee Funeral Services, Inc.
> c/o Memphis Funeral Home
> 5599 Poplar Ave.
> Memphis, TN 38119

Mr. Maurice Wexler
Mr. Stephen Goodwin
Ms. Angie Davis
Attorneys for Defendant
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
165 Madison Ave., Suite 2100
Memphis, TN 38103

Such notice shall include a detailed statement of the claim and the specific provision of this Decree which the Commission claims has been breached, and the factual basis for such claim.  SCI Tennessee will thereafter have up to 30 days to attempt to resolve the alleged breach to the Commission's satisfaction, or such additional period of time to which SCI Tennessee and the Commission mutually agree.

If the alleged breach is not resolved through the process described above, either party may serve written notice on the other party of the failure to resolve the alleged breach, and may thereafter proceed to move the Court for assistance in resolving any remaining dispute with respect to compliance with this Decree.

## XII. POSTING OF NOTICE

Within ten days after receiving a copy of this Decree entered by the Court, SCI Tennessee will post the notice which is attached as Attachment D to this Decree for fourteen days in conspicuous places at the facility where notices to employees are customarily posted.  Within forty days after receiving a copy of this Decree entered by the Court, SCI Tennessee will send a letter to Carson Owen, at the address indicated above, verifying that this requirement has been met.

## III. ATTORNEY'S FEES AND COSTS

The Commission and SCI Tennessee will each bear their own attorney's fees and costs incurred in this lawsuit.

**IT IS SO ORDERED** this 7th day of March, 2007.

s/Bernice Bouie Donald
**BERNICE B. DONALD**
**UNITED STATES DISTRICT JUDGE**

Consented to on behalf of the respective parties:

**FOR PLAINTIFF EEOC:**                    **FOR DEFENDANT:**

**RONALD S. COOPER**
General Counsel

s/ E. C. Daves (with permission CLO)
**JAMES LEE**                              **E. C. DAVES**
Deputy General Counsel                     Market Manager

**GWENDOLYN YOUNG REAMS**                  **SCI TENNESSEE FUNERAL**
Associate General Counsel                  **SERVICES, INC.**

s/ Faye A. Williams (with permission CLO)   s/ Maurice Wexler (with permission CLO)
**FAYE A. WILLIAMS**                        **MAURICE WEXLER**
Regional Attorney
Tennessee Bar No. 011730                    **BAKER, DONELSON, BEARMAN,**
                                            **CALDWELL & BERKOWITZ**
                                            First Tennessee Building
                                            165 Madison Ave., Suite 2100
s/ Carson L. Owen                           Memphis, TN 38103
**CARSON L. OWEN**                          Telephone No. (901) 577-2252
Senior Trial Attorney                       Fax No. (901) 577-2303
Tennessee Bar No. 009240

**EQUAL EMPLOYMENT OPPORTUNITY**
**COMMISSION**
1407 Union Avenue, Suite 621
Memphis, Tennessee  38104
Telephone No. (901) 544-0133
Fax No. (901) 544-011

7

**<u>Attachment B</u>**

To Whom It May Concern:

This is in response to your inquiry regarding the employment of _____ at

Memphis Funeral Home.

_____ worked for Memphis Funeral Home from _____

to _____ as a Family Services Counselor, selling pre-need funeral

products and services.

Company policy does not allow us to provide any additional information.  I am sure that

_____ can provide you with the further details concerning (his or her)

employment with us.  I hope this information is helpful to you.

Sincerely,

**Attachment D**

## <u>NOTICE</u>

This Notice is being posted as part of a settlement agreement between Memphis Funeral Home and the U. S. Equal Employment Opportunity Commission (EEOC).

EEOC enforces Title VII of the Civil Rights Act of 1964 (Title VII), which prohibits employment discrimination based on race, color, religion, sex (including sexual harassment), or national origin.  Retaliation for complaining about unlawful discrimination is also prohibited by this Federal law.  Memphis Funeral Home supports this Federal law in all respects.

A lawsuit was filed by EEOC against SCI Tennessee claiming violations of Title VII.  That lawsuit has now been settled.

We have a harassment policy, and all of you have read it, signed it, received training on it, and been provided a copy of the policy.  We will not tolerate harassment of anyone in our workplace.  It is your responsibility to help us make sure no harassment occurs, and, if it does, that it is reported and stopped.


_____
E. C. Daves, Market Manager
SCI Tennessee Funeral Services, Inc.